IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **EDWIN JESUS GARCIA CASTILLO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:26-cv-01166** |
| | ) | **Judge Aleta A. Trauger** |
| **CHRISTOPHER BULLOCK, *et al.*,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**MEMORANDUM & ORDER**

The Petitioner, Edwin Jesus Garcia Castillo, has filed a Motion to Enforce Judgment (Doc. No. 23), requesting that this court enter a separate order enforcing the Memorandum and Order entered on September 29, 2026 (the "September 29 Order") that granted his release. (Doc. No. 22.) The Government has filed a Response (Doc. Nos. 27–28), to which Castillo has replied. (Doc. Nos. 29–30.) For the following reasons, the Motion will be **GRANTED**.

## I. BACKGROUND

### A. The September 29 Order

The facts underlying this case are set out in the September 29 Order, familiarity with which is assumed. In that Order, the court found that the Government violated the Administrative Procedure Act ("APA") and the Immigration and Nationality Act ("INA") when it arrested Castillo and purported to revoke his earlier grant of parole. (Sept. 29 Order at 6, 9.) That is because the Government failed to perform "any individualized determination regarding whether the purposes of parole had been accomplished or that humanitarian reasons and the public benefit no longer warrant[ed] parole before purporting to revoke the Petitioner's parole." (*Id.* at 8.) Since the Government failed to follow the statutory and regulatory requirements governing parole termination, the court concluded that the purported termination of Castillo's parole was improper

and void as a matter of law. (*Id.* at 8–9.) The court ordered the Government to "immediately release" Castillo from detention "on his prior conditions of parole" and prohibited the Government from re-detaining Castillo, absent "an individualized determination by the Government," as required by 8 U.S.C. § 1226(a). (*Id.* at 4, 9.)

### B. The Government Forces Castillo to Sign an Order of Recognizance as a Condition to His Release

Castillo was released from detention on September 30, 2026. (Doc. No. 24 ¶ 3.) However, he claims that the Government forced him to sign a new order of release from recognizance (Doc. No. 24-1) that "imposed supervision requirements well beyond anything [he] was subject to previously." (Doc. No. 23 at 1, 3.) These additional restrictions and conditions reflected in the recognizance order include "in-person check-ins" with Immigration and Customs Enforcement ("ICE") agents "every two to four weeks," "weekly 'remote' check-ins via an application on [Castillo's] phone," "an obligation to seek advanced, written permission from ICE before changing his place of residence," "restrictions on travel out of state," "substance abuse counseling (despite no substance abuse issues)," and "proof of ongoing outreach to embassies and consulates to issue a travel document for deportation (despite ongoing immigration proceedings and no removal order)." (Doc. No. 23 at 1.)

Castillo claims that the Government "did not conduct a hearing to determine whether this new recognizance order was justified" and that additional supervision conditions violate the terms of the September 29 Order, which compelled the Government to immediately release Castillo from detention "on his prior conditions of parole." (*Id.* at 3.) Castillo further claims that the additional conditions interfere with his movement and ability to reliably perform his job, which requires frequent out-of-state travel. (*Id.* at 4, 6.) He requests that the court enforce the September 29 Order

by issuing a new order that removes the additional conditions that were placed on him following his release from physical detention. (Doc. No. 23 at 2; Doc. No. 24 ¶¶ 12–15.)

### C. The Government's Response

The Government does not dispute that it forced Castillo to sign a recognizance order as a condition to his release from physical detention. Nevertheless, the Government urges the court to deny the instant Motion, arguing that Castillo is "improperly using this Motion to Enforce Judgment as a tool to contest his release conditions." (Doc. No. 27 at 1.) As the Government tells it, the "release conditions" placed on Castillo are "statutorily authorized" under 8 U.S.C. § 1226(a) (Doc. No. 27 at 1–2), which is the detention framework that applies to Castillo. (Sept. 29 Order at 6.) The Government does not identify any specific statutory provision authorizing these restrictions, or any caselaw in which a federal court has permitted immigration authorities to impose additional restrictions on a noncitizen as a condition to his release from an unlawful detention. Instead, the Government seems to argue only that the additional conditions imposed on Castillo are "statutorily authorized" because ICE "has the discretion to detain, release on bond with conditions, or to conditionally parole a noncitizen." (Doc. No. 27 at 2 (citing 8 U.S.C. 1226(a)(1)–(2) and 8 C.F.R. § 1236.1(c)(8)).) The Government ignores the fact that ICE's power to detain noncitizens or release them from custody on conditions is subject to various statutory and constitutional requirements.

## II. DISCUSSION

Confronted with materially similar circumstances, the court less than two months ago rejected the argument that the government can impose additional conditions on a noncitizen subject to 8 U.S.C. § 1226(a) as a condition to the noncitizen's release from an unlawful detention. *Aparicio v. Bullock, et al.*, No. 26-1159, 2026 WL 2907687, at *3 (M.D. Tenn. Sept. 28, 2026). In

*Aparicio*, the noncitizen was released from physical detention on a recognizance order which memorialized a series of additional restrictions and conditions placed on him, including reporting and substance abuse counseling requirements that were not in effect at the time the noncitizen was detained. *Id*. at *1. There, "the Government demanded that the [noncitizen] submit to these liberty-restraining measures as a condition to his release" and failed to provide the noncitizen with a forum to challenge these additional conditions and restrictions. *Id*. at *3. As the court concluded, "[t]he Government cannot detain a noncitizen, knowingly deprive him of his due process rights to be heard and challenge his detention in a hearing and attempt to avoid scrutiny of that constitutional violation by releasing him from physical custody—although with other restrictions placed on his liberty that did not exist before his detention." *Id*. That is because "such evasive conduct would threaten precisely what the Due Process Clause demands: the freedom from restraints on liberty absent legally sufficient process and procedures." *Id*. So too here.

Other recent decisions reinforce this basic due process proposition. On materially identical facts, this court found in *Vallinas* that a noncitizen subject to § 1226(a) who was detained by immigration authorities and subsequently released on a recognizance order had the right to a hearing to challenge the additional conditions. *See Bullock, et al.*, No. 26-1238, Doc. No. 12 at 6–7. Because the government failed to afford such a hearing, the court found that the additional conditions in the order of recognizance were unlawful and void *ab initio*. *Id*. at 7.

The Government claims that *Aparicio* and *Vallinas* are distinguishable because those cases involved violations of "instructions contained in the Court's order." (Doc. No. 27 at 3.) However, the Government argues that, "in the instant case, Petitioner fails to cite any section of this Court's Order that [the Government] violated." (*Id*. at 3–4.) This argument fails for at least two reasons. First, unlike the facts of this case, the *Aparicio* and *Vallinas* cases did **not** involve prior violations

of the court's order. A cursory review of those two decisions makes that clear. Second, the court is confident that its command to release Castillo "***on his prior conditions of parole***" was sufficiently clear, and that releasing Castillo subject to additional liberty-restraining measures violated the terms of the September 29 Order.

The bottom line is this: ICE is not a law unto itself. It is a federal agency that is subject to the due process requirements enshrined in our Constitution. The court already found that the Government's detention and attempt to terminate Castillo's parole were unlawful and void. (Sept. 29 Order at 9.) The court ordered the Government to "immediately release" Castillo from detention "on his prior conditions of parole." (*Id.* at 3.) The additional conditions imposed on Castillo that are reflected in the recognizance order violate the terms of the September 29 Order because those conditions did not exist at the time of his arrest, and there is no indication that those conditions were placed on Castillo following a hearing before a neutral decisionmaker. For these reasons, the court finds that the conditions set forth in the recognizance order unlawful, void, and of no further legal force or effect.

## III. CONCLUSION

For the foregoing reasons, the Motion to Enforce Judgment (Doc. No. 23) is **GRANTED**. The Government is **ORDERED** to remove the additional conditions and restrictions set forth in the recognizance order of September 30, 2026 (Doc. No. 24-1), and the recognizance order is **DECLARED NULL** and **VOID**. The Government is **FURTHER ORDERED** to restore the Petitioner to the conditions that were in effect on August 13, 2026—*i.e.*, the day before his unlawful detention occurred. The Government is **PERMANENTLY ENJOINED** and **PROHIBITED** from placing any additional restrictions and conditions on the Petitioner's existing grant of parole, unless the Government first provides the Petitioner with an individualized

determination hearing in which the Petitioner can challenge any additional restrictions and conditions before an immigration judge.

The Government is **FURTHER ORDERED** to file a Status Report with the court no later than 5 p.m. CST on November 20, 2026 to certify compliance with this Order.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge